UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NORTH ATLANTIC
STATES CARPENTERS HEALTH, PENSION,
ANNUITY, APPRENTICESHIP, and LABOR
MANAGEMENT COOPERATION FUNDS *f/k/a*
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR,
MANAGEMENT COOPERATION, PENSION and
WELFARE FUNDS,

**MEMORANDUM & ORDER**
24-CV-7796 (MKB)

Plaintiffs

v.

CHRISTOPHER DUNN *d/b/a* COMMERCIAL
INSTALLATIONS INC.,

Defendant.

---

MARGO K. BRODIE, United States District Judge:

Plaintiff Trustees of the North Atlantic States Carpenters Health, Pension, Annuity and Apprenticeship Funds, formerly known as Trustees of Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds, and Plaintiff Trustees of the North Atlantic States Carpenters Labor Management Cooperation Fund, formerly known as Trustees of Empire State Carpenters Labor-Management Cooperation Fund,[1] commenced the above-captioned action against Defendant Christopher Dunn, doing business as Commercial Installations Inc., on November 8, 2024. (Compl. ¶¶ 4–6, Docket Entry No. 1.)

---

[1] In the caption of their Complaint and moving papers, Plaintiffs did not provide the full names of either Plaintiff, but provided the full names in the body of the documents. The Court's caption of this Memorandum and Order is consistent with the caption used by Plaintiffs. The Court identifies the Plaintiffs by their full name in the body of the decision.

Plaintiffs seek to renew a judgment pursuant to New York Civil Practice Law ("CPLR") section 5014 that Plaintiffs previously obtained against Defendant on December 17, 2014 (the "Judgment"). (Compl. ¶¶ 2, 11; J., annexed to Compl., Docket Entry No. 1-1.) On February 6, 2025, the Clerk of Court noticed a default against Defendant, (Clerk's Entry of Default, Docket Entry No. 9), and on March 13, 2025, Plaintiffs moved for default judgment seeking a renewal judgment for the unpaid balance of the Judgment of $22,590.97 plus statutory interest at the rate of 9% from December 17, 2014 to the date of entry of the renewal judgment. (Pls.' Mot. for Default J. ("Pls.' Mot."), Docket Entry No. 11; Pls.' Mem. in Supp. of Pls.' Mot. ("Pls.' Mem.") 5, Docket Entry No. 13.) For the reasons set forth below, the Court grants Plaintiffs' motion for default judgment.

## I. Background

Plaintiff Trustees of the North Atlantic States Carpenters Health, Pension, Annuity and Apprenticeship Funds, formerly known as Trustees of Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds, is an "employer and employee trustee[] of multiemployer labor-management trust funds organized and operated in accordance with [the Employee Retirement Income Security Act] ("ERISA")."[2] (Compl. ¶ 4.) Plaintiff Trustees of the North Atlantic States Carpenters Labor Management Cooperation Fund, formerly known as Trustees of Empire State Carpenters Labor-Management Cooperation Fund, is an "employer and employee trustee[] of a labor management cooperation committee established under section 302(c)(9) of the [Labor Management Relations Act] ("LMRA")." (*Id.* ¶ 5.) Defendant is "an individual that owned and ran Commercial Installations Inc., a domestic sole proprietorship not incorporated under the laws of the State of New York." (*Id.* ¶ 6.)

---

[2] The Court assumes the truth of the factual allegations in the Complaint for the purpose of deciding Plaintiffs' motion.

2

Defendant was bound by a collective bargaining agreement with the North Atlantic States Regional Council of Carpenters which required Defendant to "remit benefit contributions to [Plaintiffs]." (*Id.* ¶ 7.) An audit of Defendant's "books and records for the period July 1, 2007 through December 31, 2010" showed that Defendant "owed a principal deficiency of $25,760.56 to [Plaintiffs]" for benefit contribution. (*Id.* ¶ 8.) Plaintiffs initiated arbitration against Defendant and the arbitrator issued an award in Plaintiff's favor. (*Id.* ¶ 9.)

"On November 27, 2013, [Plaintiffs] filed a lawsuit to confirm the arbitration award," and on December 17, 2014, "Plaintiffs obtained the Judgment against Defendant in the amount of $52,434.10." (Compl. ¶¶ 10–11.) Plaintiffs "have collected $29,843.13" of the Judgment. (*Id.* ¶ 12.) Plaintiffs commenced this action to renew the Judgment for the unpaid balance. (*Id.* ¶ 17.) Defendant failed to answer the Complaint, (Pls.' Mem. 1, 5), and Plaintiffs now move for default judgment against Defendant. (Pls.' Mot.)

## II. Discussion

### a. Standard of review

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *see also Am. Transit Ins. Co. v. Pierre,* No. 24-CV-360, 2025 WL 863865, at *2 (E.D.N.Y. Mar. 19, 2025) (explaining that there is a "'two-step process' for the entry of judgment against a party who fails to defend" (quoting *Mickalis Pawn Shop*, 645 F.3d at 128)). "[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citing *Mickalis Pawn*

3

*Shop*, 645 F.3d at 137); *U.S. Bank Nat'l Ass'n v. Joeefi LLC*, No. 24-CV-3966, 2025 WL 1042416, at *1 (S.D.N.Y. Apr. 8, 2025) (quoting *Bricklayers*, 779 F.3d at 187) (same); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (explaining that a district court deciding a motion for default judgment "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor" (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981))). "A default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013); *see also Wells Fargo Bank, N.A. v. Queen Tec Support Inc.*, No. 23-CV-4462, 2025 WL 939225, at *3 (E.D.N.Y. Mar. 28, 2025) (explaining that the allegations supporting a default judgment must be "sufficient to state a cause of action against the defendant" (citation omitted)); *LG Funding, LLC v. Fla. Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) ("To determine whether the default judgment should issue, the [c]ourt examines whether 'the factual allegations, accepted as true, provide a proper basis for liability and relief.'" (quoting *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010))). However, because there is "'a strong preference for resolving disputes on the merits,' and because 'a default judgment is the most severe sanction which the court may apply,' . . . a district court's discretion in [granting default judgment is] 'circumscribed,'" *Mickalis Pawn Shop*, 645 F.3d at 129 (first quoting *Green*, 420 F.3d at 104; and then quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); and then citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004)), and "all doubts must be resolved in favor of the [defaulting] party." *Green*, 420 F.3d at 104 (citing *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)); *Hellman v. Cortland Realty Invs. LLC*, No. 22-CV-8341, 2025 WL 415388, at *2 (S.D.N.Y. Feb. 6, 2025) ("In the Second Circuit, there is a strong 'preference for resolving disputes on the merits.'" (first

4

quoting *Enron Oil Corp.*, 10 F.3d at 95; and then quoting *Johnson v. N.Y. Univ.*, 800 F. App'x 18, 20 (2d Cir. 2020))). "The entry of a default, while establishing liability, 'is not an admission of damages.'" *Mickalis Pawn Shop*, 645 F.3d at 128 (quoting *Finkel*, 577 F.3d at 83 n.6). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (first citing Fed. R. Civ. P. 55(b)(2); and then citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Sheet Metal Workers Loc. Union No. 46 Health Fund by Milne v. T.J.V. Mech. LLC*, No. 24-CV-6281, 2025 WL 825308, at *7 (W.D.N.Y. Mar. 17, 2025) (quoting *Cement & Concrete*, 699 F.3d at 234) (same).

### b.  Plaintiffs are entitled to default judgment

Plaintiffs argue that they are entitled to default judgment because Defendant has failed to appear in this action and is deemed to have admitted liability. (Pls.' Mem. 2–3, 5.)

In determining whether to grant a default judgment, courts looks to the same factors considered in a motion to set aside a default judgment, namely: (1) "whether the defendant's default was willful"; (2) "whether [the] defendant has a meritorious defense to [the] plaintiff's claims"; and (3) "the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *United States v. Myers*, 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017) (citation omitted); *see Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001) ("When deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted."); *Lopez v. Hero Rider USA, LLC*, No. 22-CV-1428, 2023 WL 6226263, at *3 (E.D.N.Y. Sept. 26, 2023) ("Courts

5

use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment." (first citing *Enron Oil Corp.*, 10 F.3d at 96; and then citing *Avail 1 LLC v. Latief*, No. 17-CV-5841, 2020 WL 5633869, at *4 (E.D.N.Y. Aug. 14, 2020)))). A default is willful if it is "'more than merely negligent or careless,' but is instead 'egregious and . . . not satisfactorily explained.'" *Bricklayers*, 779 F.3d at 186 (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)); *see also Jaramillo v. Vega*, 675 F. App'x 76, 76 (2d Cir. 2017) (quoting *Bricklayers*, 779 F.3d at 186) (same); *NuBridge Commerical Lender REO SPV I Inc. v. KA & B Props., Inc.*, No. 22-CV-1468, 2024 WL 1364321, at *3 (E.D.N.Y. Mar. 31, 2024) (quoting *Bricklayers*, 779 F.3d at 186) (same). "Although more than mere negligence is required, 'the degree of negligence in precipitating the default is a relevant factor to be considered.'" *Jaramillo*, 675 F. App'x at 76–77 (quoting *Green*, 420 F.3d at 108). Where a defendant provides no justification for its failure to respond, the defendant's default may be considered egregious and not satisfactorily explained. *Green*, 420 F.3d at 109 (finding default willful where the defendants "offered no explanation for their counsel's failure to appear or seek any extension of time to respond to the complaint" nor "any justification for their own failure to take action after receiving notice that the clerk had entered a default against them"). Furthermore, "[t]he existence of a meritorious defense is a key factor" in the default judgment analysis. *Green*, 420 F.3d at 109. A defaulting defendant bears the "burden of offering evidence sufficient to establish a complete defense." *Bricklayers*, 779 F.3d at 187 (citing *State St. Bank*, 374 F.3d at 167). "[T]he defaulting party need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense." *Beyonics Int'l PTE Ltd. v. Smith*, 833 F. App'x 492, 493 (2d Cir. 2020) (citing *Enron Oil Corp.*, 10 F.3d at 98); *see also Gardner v. Lefkowitz*, 737 F. App'x 597, 598 (2d Cir. 2018) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make." (quoting *Am. All. Ins. Co. v. Eagle Ins.*

6

*Co.*, 92 F.3d 57, 61 (2d Cir. 1996))).  A defendant "must present more than conclusory denials when attempting to show the existence of a meritorious defense." *Bricklayers*, 779 F.3d at 187 (quoting *Green*, 420 F.3d at 110); *Colonial Sur. Co. v. William G. Prophy LLC*, 20-CV-1730, 2023 WL 7338784, at *7 (E.D.N.Y. Nov. 7, 2023) (explaining that an answer containing "only general denials and affirmative defenses . . . is inadequate to establish a meritorious defense for purpose of a default judgment analysis").  Finally, in determining whether to enter an entry of default judgment, a court must consider "whether and to what extent, [entering] . . . the default judgment will prejudice the non-defaulting party." *Green*, 420 F.3d at 110.  Accordingly, in determining whether a plaintiff has suffered prejudice, courts consider "the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy, resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion." *Swarna v Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010); *Millennial Plastic Surgery PLLC v. James*, No. 21-CV-9590, 2022 WL 769292, at *4 (S.D.N.Y. Feb. 10, 2022) (quoting *Swarna*, 622 F.3d at 142) (same); *see also Green*, 420 F.3d at 110 (explaining that "[s]omething more [than delay] is needed" including "[f]or example, [that] delay 'may thwart plaintiff's recovery or remedy'" or "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion" (citation omitted)).  "To meet this standard, 'the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the [c]ourt in another manner were the default to be [not entered or] vacated.'" *Weingeist v. Tropix Media & Ent.*, No. 20-CV-275, 2022 WL 970589, at *11 (S.D.N.Y. Mar. 30, 2022) (quoting *Murray Eng'g, PC v. Windermere Props. LLC*, No. 12-CV-52, 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013)).

  First, Plaintiffs properly served Defendant with the summons at his home address.  (Summons Returned Executed, Docket Entry No. 6.)  Despite being properly served, Defendant

7

failed to answer the Complaint, respond to Plaintiffs' motion for a default judgment, or otherwise appear in this action. Accordingly, the Court finds Defendant's default to be willful. *See Tambriz v. Taste & Sabor LLC*, 577 F. Supp. 3d 314, 321 (S.D.N.Y. 2021) (finding that failure to respond to the complaint or otherwise appear demonstrates willful conduct for a default judgment motion); *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946, 2015 WL 1299259, at *6 (E.D.N.Y. Mar. 23, 2015) ("Defendant has not responded to [p]laintiffs' motion for default judgment, has not appeared in this action, and has not communicated with the [c]ourt in any way. Accordingly, [d]efendant's failure to answer the [c]omplaint and to respond to the instant motion is sufficient to establish willfulness.").

Second, the Court is not aware of any meritorious defenses to the action. *Tambriz*, 577 F. Supp. 3d at 321 (finding that, where the defendant failed to appear, the court was "unable to determine that [d]efendants would be able to present any meritorious defense to [p]laintiffs' claims"); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 31 (E.D.N.Y. 2015) ("Defendants cannot establish a meritorious defense, because where a defendant has not 'filed an answer, there is no evidence of any defense.'" (citation omitted)).

Finally, denying the motion for default judgment as to Defendant would be prejudicial to Plaintiffs since there are no additional steps available for Plaintiffs to secure relief in this Court. *See Myers*, 236 F. Supp. 3d at 708–09 (explaining that to deny a motion for default judgment would be prejudicial to the moving party since "there are no additional steps for relief available in this [c]ourt" (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008))); *see also Santana v. Latino Express Rests., Inc.*, 198 F. Supp. 3d 285, 291 n.2 (S.D.N.Y. 2016) ("Plaintiff will be prejudiced if, in light of [d]efendants' default, she is unable to vindicate her rights and receive appropriate compensation for her hours worked."). Plaintiffs will suffer prejudice if the Court denies their motion because

they will not be able to recover the Judgment against Defendant for the claims alleged. Thus, all three factors weigh in Plaintiffs' favor.

### c. Requested relief

Plaintiffs argue that they are entitled to the "full unsatisfied balance of the Judgment plus interest of 9% per annum running from the date of the docketing of the original judgment." (Compl. ¶ 17.)

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides in relevant part that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1); *Koehler v. Bank of Bermuda Ltd.*, 544 F.3d 78, 87 (2d Cir. 2008) ("A money judgment is enforced by a writ of execution, *unless the court directs otherwise*. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." (quoting Fed. R. Civ. P. 69(a)(1))); *Padgett v. Bustamante & Gagliasso PC*, No. 20-15246, 2022 WL 1125654, at *1 (9th Cir. Apr. 15, 2022) ("The procedure for executing a judgment entered by a federal court must accord with the procedure of the state where the court is located, [unless] a federal statute governs." (quotation marks omitted) (quoting Fed. R. Civ. P. 69(a))); *Amphibious Partners LLC v. Redman*, 389 F. App'x 762, 765 (10th Cir. 2010) ("Pursuant to Fed. R. Civ. P. 69, post-judgment proceedings in aid of execution are governed by the law of the forum state unless a federal statute applies."); *Holiday Park Drive, LLC v. Newist Corp.*, No. 23-CV-2623, 2025 WL 1708059, at *2 (E.D.N.Y. May 23, 2025) (noting that "[t]he state law of where the court sits, applies to aid [in] the execution of a federal judgment when — like here — no specific

9

federal law governs" (quotation marks and citation omitted)), *report and recommendation adopted*, 2025 WL 1799538 (June 30, 2025); *In re Terrorist Attacks on Sept. 11, 2001*, 657 F. Supp. 3d 311, 332 (S.D.N.Y. 2023), *aff'd sub nom. Havlish v. Taliban*, 152 F.4th 339 (2d Cir. 2025) ("Under Rule 69(a), judgments are enforced through a writ of execution, and the laws of the state where the court is located govern execution procedures unless a federal law applies." (quoting Fed. R. Civ. P. 69(a)(1))); *Gill v. Am. Elite Recovery, LLC*, No. 19-CV-1058, 2022 WL 91537, at *2 (W.D.N.Y. Jan. 10, 2022) (quoting Fed. R. Civ. P. 69(a)(1)); *Trs. of the Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgt. Coop. Funds v. Kane Paint & Plaster, Inc.*, No. 20-CV-70, 2021 WL 3129936, at *3 (E.D.N.Y. July 23, 2021) (same); *Kadic v. Karadzic*, No. 93-CV-1163, 2020 WL 8512862, at *1 (S.D.N.Y. Dec. 9, 2020) (granting renewal application of an unsatisfied federal judgment and applying CPLR § 5014); *Hausler v. BNP Paribas S.A.*, 169 F. Supp. 3d 531, 535 (S.D.N.Y. 2016) ("Post-judgment enforcement procedures in federal proceedings are governed by New York state law pursuant to Rule 69(a) of the Federal Rules of Civil Procedure.").

In New York State, the procedure for obtaining the renewal of a judgment is governed by CPLR § 5014, which provides in relevant part:

> Except as permitted by section 15-102 of the general obligations law, an action upon a money judgment entered in a court of the state may only be maintained between the original parties to the judgment where:
> > 1. ten years have elapsed since the first docketing of the judgment;
> 
> \* \* \*
> 
> An action may be commenced under subdivision one of this section during the year prior to the expiration of ten years since the first docketing of the judgment. The judgment in such action shall be designated a renewal judgment and shall be so docketed by the clerk. The lien of a renewal judgment shall take effect upon the expiration of ten years from the first docketing of the original judgment.

10

CPLR § 5014.[3]

To obtain relief pursuant to CPLR § 5014, the plaintiff must show "(1) the existence of the underlying judgment; (2) that the defendant was a judgment debtor; (3) that the underlying judgment was docketed at least nine years prior to the commencement of this action; and (4) that the underlying judgment remained partially or completely unsatisfied." *Lull v. Van Tassell*, 100 N.Y.S.3d 99, 101 (App. Div. 2019); *Rose v. Gulizia*, 961 N.Y.S.2d 286, 288 (App. Div. 2013) (affirming that the plaintiff "established her prima facie entitlement to judgment as a matter of law awarding her a renewal judgment pursuant to CPLR 5014(1) by demonstrating the existence of the prior judgment, that the defendant was the judgment debtor, that the judgment was docketed at least nine years prior to the commencement of this action, and that the judgment remains partially or completely unsatisfied."). In response, a defendant may "raise a triable issue of fact." *Schiff Food Prods. v. M&M Imp. Exp.*, 924 N.Y.S.2d 158, 160 (App. Div. 2011) (citing *Pangburn v. Klug*, 664 N.Y.S.2d 71, 72 (App. Div. 1997)). If the defendant fails to do so, the

---

[3] Courts treat applications pursuant to this provision as seeking relief pursuant to summary judgment. *Edrich v. Festinger*, No. 12-CV-4069, 2017 WL 3575238, at *7 n.5 (E.D.N.Y. Aug. 17, 2017) (collecting cases); *ACLI Gov't Sec. v. Rhoades*, No. 97-CV-2471, 1998 WL 142347, at *1 (S.D.N.Y. Mar. 26, 1998) (granting summary judgment to a plaintiff seeking to renew a money judgment under section 5014(1)); *see also Zimmerman v. Stephenson*, 227 N.Y.S.3d 65, 66 (App. Div. 2025) (affirming an order granting the "plaintiff's motion for summary judgment in lieu of complaint for a renewed judgment pursuant to CPLR 5014"); *Jones Morrison, LLP v. Schloss*, 65 N.Y.S.3d 52 (App. Div. 2017 ) (affirming an action for renewal judgment pursuant to CPLR 5014 that was commenced as a motion for summary judgment in lieu of a complaint); *Premier Cap., LLC v. Best Traders, Inc.*, 930 N.Y.S.2d 249, 250 (App. Div. 2011) (addressing "an action for a renewal judgment pursuant to CPLR 5014, which was commenced by a motion for summary judgment in lieu of complaint," and modifying the lower court's denial of the plaintiff's motion by granting plaintiff's motion for summary judgment in part); *Schiff Food Prods. v. M&M Imp. Exp.*, 924 N.Y.S.2d 158, 159 (App. Div. 2011) (granting "plaintiff's motion, in effect, for summary judgment on the complaint," and remitting the matter to the lower court "for the entry of an appropriate renewal judgment"); *Wilmington Sav. Fund Soc'y, FSB v. John*, 122 N.Y.S.3d 862 (Sup. Ct. 2020) (granting a motion for summary judgment in lieu of a complaint where the plaintiff sought to renew a money judgment and lien).

11

plaintiff will be entitled to the renewal judgment. *Id.*

Plaintiffs have established that they are entitled to a renewal of the Judgment by submitting evidentiary proof that they own the Judgment, (J.), filing a timely application for renewal, (Compl. ¶¶ 15–16), and demonstrating that the Judgment remains partially unsatisfied. (Moosnick Decl. ¶¶ 4–5, Docket Entry No. 12.)

First, Plaintiffs submitted proof that they own the Judgment against Defendant. The Judgment and declaration in support of the motion for default judgment demonstrates that the Judgment was granted to Plaintiffs against Defendant on December 17, 2014 in the Eastern District of New York. (J.) Based on this evidence, Plaintiffs have demonstrated ownership of the Judgment. *See Cadle Co. v. Biberaj*, 763 N.Y.S.2d 751, 752 (App. Div. 2003) ("Plaintiff submitted a copy of the original judgment filed in New York County and a certified copy of the assignment of such judgment . . . entered in the Supreme Court State of New York in and for New York County, New York . . . . Such evidence was sufficient to warrant granting plaintiff's motion for summary judgment and directing entry of a renewal judgment pursuant to CPLR 5014(1).").

Second, Plaintiffs timely filed their request for renewal by filing the Complaint within the ten-year time limit. The Clerk of Court of the Eastern District of New York entered the Judgment on December 17, 2014, (J.), and Plaintiffs commenced this action to renew the Judgment within the ten-year period on November 8, 2024. (Compl.) *See Amos Fin. LLC v. Adebowale*, No. 24-CV-294, 2025 WL 905655, at *2 (E.D.N.Y. Mar. 12, 2025), *report and recommendation adopted*, No. 24-CV-294, 2025 WL 948170 (Mar. 28, 2025) (noting that a section 5014 action may be commenced "during the year prior to the expiration of ten years since the first docketing of the judgment"); *Kane Paint & Plaster*, 2021 WL 3129936, at *6 (finding that the plaintiff's action for a renewal judgment was timely because it was initiated during the

12

year prior to the ten years since the first docketing); *In re Vinieris*, 391 B.R. 707, 710–11 (Bankr. S.D.N.Y. 2008) (explaining that a section 5014 action can be filed a year prior to the ten-year deadline of the first docketing of the judgment).

Finally, Plaintiffs have demonstrated that the Judgment has not been fully satisfied. While Plaintiffs "[h]ave collected $29,843.13 towards the Judgment," they have provided evidence that "a balance of $22,590.97 remain[s] unpaid." (Moosnick Decl. ¶ 12.) *See Emerald Inv'rs Ltd. v. TOMS*, 19 N.Y.S.3d 421 (App. Div. 2015) (affirming renewal of judgment where the plaintiff asserted that the judgment had not been satisfied). Accordingly, Plaintiffs have satisfied the procedural requirements for obtaining a renewal judgment for the unpaid balance of the Judgment in the amount of $22,590.97.

Based on the evidence submitted in support of Plaintiffs' motion, the Court finds that Plaintiffs are entitled to a renewal Judgment against Defendant in the amount of the unpaid balance of $22,590.97, plus post-judgment interest at the rate of 9% from the date the original Judgment was entered until the date the Judgment is paid in full. *See* CPLR § 5004(a) ("Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute"); *id.* § 5003 ("Every money judgment shall bear interest from the date of its entry. Every order directing the payment of money which has been docketed as a judgment shall bear interest from the date of such docketing."); *Kane Paint & Plaster*, 2021 WL 3129936, at *9 (awarding post-judgment interest of 9% on an action for a renewal judgment brought pursuant to CPLR § 5014 "from the date the [j]udgment was entered until the date the judgment is paid in full."); *Miraglia v. Essex Ins. Co.*, 867 N.Y.S.2d 376, 2008 WL 2828535, at *3 (Sup. Ct. 2008) (unpublished table decision) (holding that post-judgment interest begins to accrue on the day the judgment is entered); *Pellegrino v. State*, 508 N.Y.S.2d 847, 848 (Ct. Cl. 1986), ("Every money judgment bears interest from the date of its entry. In the event of an appeal or an amendment to the

13

judgment, interest runs from the date of entry of the original judgment and continues until the judgment is satisfied." (citation omitted)), *aff'd*, 526 N.Y.S.2d 799 (App. Div. 1988).

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiffs motion for renewal of the Judgment. The Court renews the Judgment in the amount of $22,590.97, representing the unpaid balance of the Judgment, and awards 9% interest from the date of the original Judgment until the date the Judgment is paid in full.

Dated: November 4, 2025
Brooklyn, New York

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

14